### In re McKAYLA C. and Alfred C.

No. 92–291–A.

Supreme Court of Rhode Island.

Jan. 7, 1993.

Jane E. Woronov, Guardian ad litem (CASA), Lauren Z. Koshgarian (DCYF), Providence, for plaintiff.

Catherine Gibran, Barbara Hurst, and Frank Pannozzi, Asst. Public Defenders, for defendant.

## OPINION

PER CURIAM.

This case came before this court pursuant to an appeal by the Department of Children, Youth and Families (DCYF) from a trial justice's dismissal of its commitment petitions regarding two minor children.

On January 17, 1992, DCYF filed a petition alleging parental neglect and dependency against the mother of McKayla and Alfred. The trial justice heard testimony from a parent aide who had dealt with the mother from August 1991 until February 1992. The mother and a psychotherapist/psychiatric social worker also testified. At the conclusion of the testimony the trial justice determined that DCYF had not presented sufficient evidence to prove its allegations of neglect or dependency.

During the trial, in order to demonstrate a pattern of neglect and dependency, DCYF directed the court's attention to Crystal, another child of this mother. The trial justice did not allow this testimony into evidence. The DCYF argued that our decision in *In re Luz J.*, 447 A.2d 1148 (R.I.1982), was dispositive of this issue. We agree.

In *In re Luz J.* we noted that "evidence of harm to one child of a family is relevant to the issues raised by a dependency-and-neglect petition regarding another child of the family." *Id.* at 1152. By imputing the evidence gathered from one sibling to another, not only do we permit a court to evaluate the case in its proper context but we also reinforce the state's role in protecting children and preventing harm. *Id.*

The matter before us involves the fate of two minor children. To assess their situation adequately, our attention must not be so channeled that we avoid the entirety of the circumstances surrounding the petition.

Neither DCYF nor the courts operate in a vacuum.

It is permissible for a Family Court justice to take judicial notice of factual findings and legal rulings made by another Family Court justice in a separate proceeding that required the same burden of proof. Had the trial justice admitted the evidence concerning Crystal's circumstances, the proceeding would have been placed in its proper context.

In this matter, the trial justice was aware of the mother's history of dysfunctional relationships, of her propensity to engage in relationships with abusive men, of allegations of substance abuse, and of allegations of physical and mental abuse of the children. The trial justice also had at his disposal extensive records concerning Crystal, McKayla, Alfred, and five other of the mother's nine children. Therefore, the trial justice had an obligation to take judicial notice of similar indications of dependency and neglect within the same family. The quantum of evidence in these records demonstrates a pattern. The records reveal that the mother was drawn to abusive men, violated restraining orders, was involved in substance abuse, and has a history of dysfunctional relationships.

For the reasons stated above, we sustain DCYF's appeal. The order appealed from is vacated. The case is remanded with directions to reinstate DCYF's petitions and to reconsider them in light of the other findings concerning the children of this mother as well as the potential for harm posed by her current association with abusive male friends. In order to prevent harm to the children, we herewith direct that DCYF closely monitor this family.