## In re DANIEL B. and Matthew B.

### No. 93–623–A.

Supreme Court of Rhode Island.

June 3, 1994.

Ellen R. Balasco, Court Appointed Sp. Advocate, Anthony E. Angeli, Jr., Gary Pellicano, Gail Corrente, Dept. for Children, Youth and Families, for plaintiff.

Vincent Indeglia, Providence, for defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument May 9, 1994, pursuant to an order that had directed all parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

Kelly Barratt and Emerson Barratt have appealed from a Family Court judgment that determined that they had neglected two of their children, Daniel and Matthew. At the hearing before a justice of the Family Court, testimony was introduced concerning prior proceedings in which it had been determined that the Barratts had neglected three other children of whom they were the parents and that Kelly Barratt had neglected another child to whom she had given birth, though the father was not Emerson Barratt. The Barratts had failed to appear to contest the prior neglect charges, and ultimately their parental rights were terminated. In the prior cases determinations had been made that the four children had been neglected and abused.

Also at the most recent hearing before the Family Court, the testimony of a therapist was admitted including a history regarding sexual abuse by Emerson Barratt of a child of Kelly Barratt, a child other than the two children in question here. This testimony was admitted without objection. In light of the prior record of these two individuals in respect to neglect of other children, we are of the opinion that the trial justice did not err in considering this prior uncontested evidence of abuse in determining their fitness to continue to care for the children who are the subject of this appeal.

This court has held that it is appropriate and permissible for a Family Court justice to take into account prior determinations and factual findings in earlier proceedings of the Family Court concerning neglect of other children in determining the fitness of the parents to care for children who were later born to them. *In re McKayla C.*, 618 A.2d 1264 (R.I.1993); *In re Luz J.*, 447 A.2d 1148 (R.I.1982). We had set forth in *In re Luz J.* that "evidence of harm to one child of a family is relevant to the issues raised by a dependency-and-neglect petition regarding another child of the family." 447 A.2d at 1152. Both the evidence taken in the instant case and the evidence disclosed in the prior proceedings indicate a pattern of abusive and neglectful behavior that placed the two children who were the subject of the instant petition in danger and at risk of physical harm. "There is no requirement that a court wait until a child is actually harmed before such court provides the protection of the state." *Id.*

For the reasons stated, the appeal of Kelly and Emerson Barratt is hereby denied and dismissed. The judgment of the Family Court is affirmed.