**In re ADAM R. et al.**

**No. 95–42–Appeal.**

Supreme Court of Rhode Island.

Oct. 26, 1995.

Anthony E. Angeli, Jr. (DCYF), Providence, Frank P. Iacono, Jr. (CASA), East Greenwich, for Plaintiff.

Paula Rosin, Public Defender, for Defendant.

**OPINION**

PER CURIAM.

This matter came before the court for oral argument on October 2, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised in these

appeals should not be summarily decided. The Department of Children, Youth and Families (DCYF) has appealed the trial justice's decision that there was insufficient proof that the respondent's children were abused and neglected. The mother has cross-appealed the trial justice's finding of dependency. The children, meanwhile, have been committed to the care, custody, and control of DCYF and remain in foster care. After hearing oral argument and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues should be summarily decided.

Originally, DCYF filed petitions in Family Court, alleging that the mother was neglecting her four children. During the hearing the petitions were amended to include allegations of abuse. Testimony presented by social workers, parent aides, and a psychologist established that the mother had borderline intellectual functioning and lacked parental and management skills, that the children lived in squalid conditions, and that both mother and children had been abused by upstairs tenants. However, the trial justice refused to find neglect or abuse because there was "no evidence of any intent on this woman's part to abuse her children." Instead, the trial justice, sua sponte, made a finding of dependency. Under G.L.1956 (1990 Reenactment) § 40–11–2(1) an "[a]bused and/or neglected child" means

"a child whose physical or mental health or welfare is harmed or threatened with harm when his or her parent or other person responsible for his or her welfare:

\* \* \*

(b) Creates or allows to be created a substantial risk of physical or mental injury to the child, including excessive corporal punishment; or

\* \* \*

(d) Fails to supply the child with adequate food, clothing, shelter, or medical care, though financially able to do so or offered financial or other reasonable means to do so; or

(e) Fails to provide the child with a minimum degree of care or proper supervision

or guardianship because of his or her unwillingness or inability to do so by situations or conditions such as, but not limited to, social or psychiatric problems or disorders, mental incompetency, or the use of a drug, drugs, or alcohol to the extent that the parent or other person responsible for the child's welfare loses his or her ability or is unwilling to properly care for the child."

Under G.L.1956 (1994 Reenactment) § 14–1–3(8) the term "neglect" is defined as

"a child who requires the protection and assistance of the court when his or her physical or mental health or welfare is harmed or threatened with harm when the parents or guardian:

(i) Fails to supply the child with adequate food, clothing, shelter, or medical care, though financially able to do so or offered financial or other reasonable means to do so."

 Clearly, the statute defining an abused and neglected child, § 40–11–2 and the decisions of this court applying the statute, have not required a finding of "intent." We are of the opinion that the evidence supported a conclusion that these children were abused and neglected and that such a finding should have been made.

 The trial justice also erred in making a finding of dependency absent an amendment to the petition before her. Pursuant to § 14–1–3(6) a dependent child

"requires the protection and assistance of the court when his or her physical or mental health or welfare is harmed or threatened with harm due to the inability of the parent or guardian, through no fault of the parent or guardian, to provide the child with a minimum degree of care or proper supervision because of

(i) The death or illness of a parent; or

(ii) The special medical, educational, or social service needs of the child which the parent is unable to provide."

However, since neither party objected and the evidence clearly brings the children with-

in the purview of the statute, the finding of dependency is harmless.

Accordingly DCYF's appeal is sustained, and the mother's appeal is denied and dismissed. The papers of the case are remanded to the Family Court for an entry of a finding of neglect and abuse as well as dependency, entitling these children to all the protection and services available to DCYF for children found to be of that status.