**IN RE JENNIFER R. et al.**

**No. 95–284–Appeal.**

Supreme Court of Rhode Island.

Dec. 13, 1995.

Frank Iacono, Jr. (CASA), E. Greenwich, Anthony E. Angeli, Jr. (DCYF), Providence, for Plaintiff.

Paula Lynch Hardiman, Asst. Public Defender, for Defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court on November 2, 1995, pursuant to an order directing the mother to appear and show cause why the issues raised in this appeal should not be summarily decided. The mother appeals from a Family Court judgment terminating her parental rights to her two children, both girls, now aged fourteen and nine. After hearing counsel for the parties in oral argument and examining the memoranda submitted by them, we are of the opinion that cause has not been shown and that the issues raised by this appeal will be decided at this time.

In March of 1992, the Department of Children, Youth and Families (DCYF) filed ne-

glect and abuse petitions regarding both children based on allegations that the older child had been sexually molested by her stepfather, Daniel Rego. At that time both children were removed from the mother's home. Thereafter, on October 5, 1992, the mother admitted to the allegation of neglect. The abuse allegation against her was dismissed without prejudice. Two weeks later the stepfather pleaded nolo contendere to second-degree child molestation and was given a deferred sentence. During this time the children remained in foster care.

On June 1, 1994, DCYF filed termination-of-parental-rights petitions pursuant to G.L. 1956 (1988 Reenactment) § 15–7–7 subsections 1 (c) and (d), as amended by P.L.1992, ch. 206, § 2 in regard to both children.[1] The biological father of the children was defaulted on August 10, 1994, and his parental rights to the girls were terminated fourteen days later.

Six case plans were developed by DCYF to reunify the family and to educate the mother and the stepfather about the seriousness of sexual abuse. Throughout counseling the mother remained entirely aligned with her husband, the stepfather. She minimized the effect the abuse had had on her daughter. The mother described to one counselor how she felt that the daughter was her rival and how she believed that the sexual abuse was an issue for her daughter and her husband to resolve.

In addition to the testimony presented, twenty-five exhibits were introduced. These exhibits included DCYF case plans, the counseling reports of the mother, the stepfather, and the children, and two letters written by the older daughter to her mother. In those letters the girl pleaded with the mother to leave the stepfather so that she and her sister could return home.

■ On appeal, the mother claims that the letters were inadmissible because they did not fall within the hearsay exceptions of Rule 803 of the Rhode Island Rules of Evidence and, as a result, should have been excluded. However, the mother's counsel made no ob-

jection to the introduction of the letters and has therefore waived this issue on appeal. *See State v. Medeiros,* 599 A.2d 723, 727 (R.I.1991); *State v. Parker,* 472 A.2d 1206, 1210 (R.I.1984); *State v. Marrapese,* 116 R.I. 1, 12, 351 A.2d 95, 100 (1976); Super.R.Crim.P. 30.

■ The mother also challenges the trial justice's findings that integration of the children into the home of the mother is improbable in the foreseeable future owing to conduct or conditions not likely to change. In support of her argument the mother claims that both she and her husband had been participating in counseling and were making progress and that these efforts were ignored by the trial justice.

■ On review of cases involving the termination of parental rights, this court must examine the record to determine if legally competent evidence exists to support the trial justice's findings. *In re Crystal A.,* 476 A.2d 1030, 1033 (R.I.1984). The findings of the trial justice sitting without a jury are entitled to great weight and will not be disturbed on appeal unless they are clearly wrong or the trial justice misconceived or overlooked material evidence. *In re Armand,* 433 A.2d 957, 962 (R.I.1981).

The trial justice based his decision in part upon the progress report of St. Mary's home for children, where the mother was attending nonoffender group counseling. In agreeing with the report's conclusions, the trial justice found that:

> "[i]t is absolutely clear that [the mother] is totally aligned with her husband, the perpetrator of her daughter. She is, therefore, unable to be supportive to her daughters. She is unable to protect them. They would be at high risk if returned home to [the mother] and her husband. [The mother's] level of denial and her minimization of her daughter's sexual abuse is very 'solid.'"

It is our opinion that the evidence supports the trial justice's findings of unfitness as well as his finding that the conditions of the home

---

1. General Laws 1956 (1988 Reenactment) § 15–7–7 was subsequently amended in July of 1994 but that amendment is not applicable to the instant case.

are not likely to change in the foreseeable future.

Finally, the mother challenges the trial justice's termination of her parental rights to her younger daughter, who had not been abused by her husband. This court has held, however, that "evidence of harm to one child of a family is relevant to the issues raised by a dependency-and-neglect petition regarding another child of the family." *In re Daniel B.*, 642 A.2d 672, 673 (R.I.1994) (quoting *In re Luz J.*, 447 A.2d 1148, 1152 (R.I.1982)). We have also held that "[t]here is no requirement that a court wait until a child is actually harmed before such court provides the protection of the state." *In re Luz J.*, 447 A.2d at 1152. It is our opinion that the trial justice's termination of the mother's parental rights to the younger child is supported by the evidence.

For these reasons the mother's appeal is denied and dismissed. The Family Court judgment of termination appealed from is affirmed, and the papers of the case are remanded to the Family Court.

WEISBERGER, C.J., and MURRAY, LEDERBERG, BOURCIER and SHEA, JJ., concur.