**In re AMANDA C. et al.**

**No. 96–397–Appeal.**

Supreme Court of Rhode Island.

Feb. 11, 1997.

Frank P. Iacono, Jr., E. Greenwich, Anthony E. Angeli, Jr., Providence.

Catherine Gibran, Paula Rosin, Providence.

**ORDER**

Dawn Carillo appeals from a Family Court decree terminating her parental rights vis-à-vis her two daughters, Amanda and Ronna Rae. We asked her to appear before us to show cause why this matter should not be summarily decided. Having listened to the parties' arguments and reviewed their submissions, we conclude that cause has not

been shown and that the questions presented can be decided at this time.

In 1994 the Department of Children, Youth and Families filed termination-of-parental-rights petitions alleging that Carillo's excessive use of drugs and/or alcohol made her an unfit parent. The department leveled similar allegations against Amanda's father, Gary Cazzarro. (The parental rights of Ronna Rae's father, Ronald Lapre, had already been terminated.) After a lengthy trial a Family Court justice ordered the termination of Carillo's (but not Cazzarro's) parental rights.

On appeal Carillo argues that because the court did not terminate Cazzarro's rights, Amanda was not "free for adoption" and that thus the central purpose of the termination-of-parental-rights statute, G.L. 1956 § 15–7–7, could not "be achieved and should not have been employed." Her contention misses the mark. To be sure, one purpose of § 15–7–7 is to make the child available for adoption. *See In re David,* 427 A.2d 795, 799 (R.I.1981). But an adoption petition need not be filed prior to considering a termination-of-parental-rights petition. *See id.* (noting that "the entire statutory scheme would most reasonably be served by giving the [department] the opportunity to terminate parental rights in advance of encouraging potential adoptive parents to anticipate the probability of a future adoption"). And a trial justice presented with termination-of-parental-rights petitions involving both parents need not either grant or deny the petitions in tandem. Rather, the trial justice should consider and determine each petition on its own merits, allowing for the possibility that, as here, one petition will warrant termination and the other will not.

Carillo also contends that insufficient evidence existed to support a finding of parental unfitness with respect to Amanda and Ronna Rae. After reviewing the record, however, we are satisfied that Carillo's long history of drug addiction and noncooperation with various programs offered to remedy this situation warrants the Family Court's finding of parental unfitness. *See In re Jennifer R.,* 667 A.2d 535, 536 (R.I.1995) (emphasizing that when this court reviews a case involving the termination of parental rights, the record is examined "to determine if legally competent evidence exists to support the trial justice's findings"); *In re Kristen B.,* 558 A.2d 200, 204 (R.I.1989) (adding that "the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed unless they are clearly wrong or the trial justice misconceived or overlooked material evidence"). We are not persuaded that the trial justice misconceived or overlooked relevant evidence on a critical issue or was otherwise clearly wrong. Thus, we deny and dismiss Carillo's appeal and affirm the Family Court's decree.