**In re UNIQUE L.**

**No. 97–390–Appeal.**

Supreme Court of Rhode Island.

Oct. 22, 1998.

Anthony E. Angeli, Providence, Frank P. Iacono; Thomas J. Corrigan, Jr., Washington Crossing, PA.

Paula Rosin, Janice M. Weisfeld, Providence.

**ORDER**

This case came before the court for oral argument October 6, 1998, pursuant to an order that had directed the respondent mother to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The mother has appealed from a judgment entered in the Family Court terminating her parental rights to the child, Unique. At the time of trial the child was approximately four

years of age. She had been born on November 26, 1992, and was found to be cocaine positive. The mother had a long history of drug dependency. At the time of Unique's birth, the mother had three other children in the care of the Department for Children, Youth and Families (DCYF) who were later placed under legal guardianship of the appellant's mother.

On August 25, 1993, Unique was committed to the care and custody of DCYF by the Family Court pursuant to the mother's admission of neglect. Various case plans were developed by DCYF social workers in an attempt to rehabilitate the mother. These plans included residential treatment at Talbot House, residential treatment at King House, and a treatment program at St. Joseph's Hospital. None of these treatment programs was successfully completed. In 1994 the mother left Rhode Island against the advice of DCYF and traveled to California leaving no forwarding address or telephone number. From April of 1994 until June 23 of that year, the DCYF workers had no contact with the mother. The purpose of the trip to California was at least in part to participate in an outpatient drug program.

Upon the mother's return to Rhode Island in late August of 1994, DCYF workers arranged for visits between the mother and Unique. These visits were unsatisfactory and often stressful for the child. On at least one occasion the child refused to go to a scheduled visit. Representatives of DCYF sought to suspend these visits because of the effect on the child, but the court ordered DCYF to continue the visits. These visits were infrequent and generally unsatisfactory to the child.

At the trial of the termination petition the mother testified that she successfully completed the California drug program and that she had been drug free since April 15, 1994. She further testified that she was continuing to participate in self-help programs. The trial justice, after reviewing all the testimony, commented that he had insufficient information to determine the quality or reliability of the California program. He further found that the mother's persistent drug use as well as her departure from the state had caused her to lose contact with the child. In accordance with G.L.1956 § 15–7–7(a)(2)(iii) & (3), the trial justice determined that Unique had been in the care of DCYF for at least twelve months, that there were no assurances that the mother's drug problem had been eliminated, and that she had failed to maintain contact with the child or to plan for her future. He found that the mother was unfit to parent the child and that it was in the child's best interest that the mother's parental rights be terminated.

Our review of the record in this case discloses that there was ample competent evidence to support the findings and conclusions of the trial justice. *In re Jennifer R.*, 667 A.2d 535, 536 (R.I.1995). The factual findings of a trial justice are entitled to deferential review and will not be disturbed unless they are clearly wrong or unless we determine that the trial justice misconceived or overlooked material evidence. *In re Kristen B.*, 558 A.2d 200, 204 (R.I.1989).

The evidence in the case establishes that Unique has been in foster care from the time of her birth until the present. The child is entitled to a degree of permanency that her mother's sporadic interest did not and in the future is unlikely to provide.

For the foregoing reasons, the mother's appeal is denied, and the judgment of the Family Court is affirmed.