In re SHAQUILLE and Judier C.

No. 97–400–Appeal.

Supreme Court of Rhode Island.

June 23, 1999.

Thomas J. Corrigan, Jr., Providence, Frank P. Iacono.

Paula Rosin, Providence, Veronica Assalone.

## ORDER

The respondent, Monique C. (mother or respondent), appeals from the termination of her parental rights to her children, Shaquille and Judier C. The mother claims that the trial justice erred in finding that the Department of Children, Youth, and Families (DCYF) made reasonable efforts to provide her with programs tailored to reunify her with her children, and that the trial justice erred in granting DCYF's petition to terminate her parental rights to the two children. This case came before a single justice of this Court, who directed the mother to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and hearing the arguments of counsel, no such cause has been shown, and we proceed to resolve her appeal at this time.

DCYF first became involved with the mother in 1992 at which time she was referred to a substance abuse program.

Through DCYF's involvement with this family, the mother has been referred to several treatment programs, including Talbot Treatment Centers, Inc., Commitment to Change, The Smith Hill Center, and The CHIC Alcohol Program, but was often uncooperative and consistently missed scheduled appointments for programs designed to assist in the reunification with her children. In addition, the mother attending parenting classes at St. Mary's, which she suddenly dropped out of and apparently never returned. The record discloses that DCYF has made extensive efforts, through its social workers, to assist the mother in case planning issues, including issues of drug use, parenting, and housing, but none were successful.

Despite repeated warnings that she would not be reunited with her children until her parenting and drug treatment classes were completed, respondent resisted DCYF assistance. After years of illegal drug activity and abuse, as well as parenting issues, the mother underwent a psychological evaluation. In February 1994, the psychologist indicated that the mother needed three months of counseling and parenting classes in order to make the necessary changes to effectively parent her children. In spite of the efforts expended by DCYF, the mother has been in and out of the Adult Correctional Institutions (ACI) for drug offenses since 1993.[1]

The petitions to terminate the parental rights of the mother as to Shaquille and Judier were filed in October of 1995.[2] After hearing the evidence, the trial justice found that services to assist her in the goal of reunification with her children had been provided to the mother, but that her efforts at completing these programs were unsuccessful. Consequently, the petitions for termination of her mother's parental rights were granted because the trial jus-

tice determined that the mother has a chronic and continuing substance abuse problem, and that her prognosis is such that the children would not be able to return to the mother within a reasonable period of time. A decree was entered on August 9, 1996, and the mother now appeals.

On appeal, the mother argues that her missed appointments at the various rehabilitation programs were due to circumstances beyond her control, and that the case plan established by DCYF failed to address the underlying issues of her lack of housing and parenting skills. Moreover, in her memorandum submitted to this Court and again during oral argument, the mother has insisted that although she occasionally smoked marijuana, she never engaged in the abuse of any other illegal substances. We find this argument wholly without merit.

When considering the termination of parental rights, the Family Court justice must find by clear and convincing evidence that DCYF has made reasonable efforts to reunite parent and child, and that notwithstanding those efforts, the parent is unfit. *See In re Ryan S.*, 728 A.2d 454, 457 (R.I.1999); *see also In re Kristina L.*, 520 A.2d 574, 579 (R.I.1987). Furthermore, we have held in the past that "the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed unless they are clearly wrong or the trial justice misconceived or overlooked material evidence." *In re Kristen B.*, 558 A.2d 200, 204 (R.I.1989). Specifically, when reviewing cases involving the termination of parental rights, a trial justice's decision will be affirmed if this Court determines that there is legally competent evidence in the record to support the finding. *See In re Jennifer R.*, 667 A.2d 535,

---

1. The mother was in fact incarcerated at the time of the termination hearing.

2. Both petitions allege that the mother has a chronic substance abuse problem, that the children will not be able to be returned to the

custody of the mother within a reasonable time, that the children are in the legal custody of care of DCYF, and the parents were offered services to address the issues which led to DCYF intervention.

536 (R.I.1995); *see also In re Crystal A.,* 476 A.2d 1030, 1033 (R.I.1984).

We are of the opinion that the trial justice committed no error in terminating the mother's parental rights, and that the record is saturated with legally competent evidence to support this finding. For example, a DCYF worker visited with the mother and inquired whether or not she had been incarcerated at the ACI. At that point, the mother defiantly informed the worker "that it was none of DCYF's business." Moreover, the mother's criminal record is replete with drug-related convictions, and we conclude that her attempts to distinguish the use of marijuana from the sale and distribution of heroin is purely illusory. The mother's argument fails to recognize her consistent involvement in illegal narcotic activity, and her denial of her personal use of these narcotics is of no moment to her appeal. Furthermore, we reject the mother's argument that DCYF failed to address her housing and parenting issues given that shortly after Shaquille was born, the mother was ordered to attend parenting classes, and DCYF was ordered to fund her first and last month's rent, presumably to address her housing issues. This evidence clearly supports the trial justice's finding of parental unfitness.

The mother's appeal is accordingly denied and dismissed. The decree of the Family Court granting the termination of the mother's parental rights is hereby affirmed, and the papers in this case are remanded to the Family Court.