In re NICOLE C. et al.

No. 98–582–Appeal.

Supreme Court of Rhode Island.

Oct. 27, 2000.

Thomas J. Corrigan, Frank P. Iacono, Jr., Martha K. Diamond, Providence, for Plaintiff.

Janice M. Weisfeld, Paula Rosin, Providence, for Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on October 3, 2000, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the issues raised on appeal at this time.

The respondent, Monique Crowell (mother or respondent), appeals from a decree of the Family Court terminating her parental rights to her children, Nicole, born May 30, 1988; Tedra, born September 19, 1989; and Makentae C., born September 8, 1991. The respondent asserts that the trial justice erred in finding that the Department of Children, Youth and Families (Department or DCYF) made reasonable efforts to provide her with programs tailored to address her underlying problems and promote reunification with her children. Ultimately, she contends, the trial justice erred in granting DCYF's petition to terminate her parental rights to these children.

This is but another chapter of respondent's parenting failures that began with the case of *In re Shaquille*, 736 A.2d 100

(R.I.1999), in which we affirmed the termination of her parental rights to her two younger children, Shaquille and Judier C. After the decree in *Shaquille* was entered, we were informed that respondent's situation worsened, particularly with respect to her chronic substance abuse and frequent incarceration, which amounted to her abandonment of these children. The respondent has been in and out of prison since 1993 for various offenses, including assault, obstruction of a police officer, possession and delivery of controlled substances, and obtaining money under false pretenses. During the two separate occasions in which respondent was at the Adult Correctional Institutions, she did not inquire about her children or seek to visit with them. After her release, DCYF social workers arranged for the children to visit with respondent, but her attendance at those scheduled visits was inconsistent and sporadic. The respondent neither visited nor inquired about her children from June 1997 until January 1998, immediately before her trial started.

Throughout DCYF's involvement with this family, respondent was referred to several treatment programs, including Talbot Treatment Centers, Inc., St. Joseph's Commitment to Change, The Smith Hill Center, the CHIC Alcohol Program, and parenting classes at the Chad Brown Health Center. None of these programs, all designed to assist in the reunification of mother with her children, proved successful, mostly because of respondent's lack of cooperation and poor attendance. The record in this case demonstrates that DCYF made extensive efforts to assist the mother in case-planning issues, including housing, parenting and drug abuse. Again, all efforts proved fruitless.

After hearing the evidence, the trial justice found that services aimed at assisting respondent in the goal of reunification with her children had been provided but that respondent had failed to avail herself of these programs. The trial justice also found that it was unlikely that the children would return to respondent's custody within a reasonable period, considering the children's ages and the need for a permanent home. Referring to respondent's history of drug use and the marketing of drugs, coupled with her inability or unwillingness to follow through with counseling, the trial justice concluded that the mother's prognosis for successful reunification with her children was poor. Consequently, a second decree terminating her parental rights to her remaining children was entered on June 11, 1998. The respondent has appealed.

On appeal, respondent has again posited that DCYF failed to make reasonable efforts to provide her with appropriate programs to address the underlying problems that contributed to her drug use, specifically, the sexual abuse she suffered as a child that ultimately led to her many incarcerations, as well as her parenting deficiencies. In short, respondent maintained that DCYF has failed to adequately promote reunification with her children. We deem this argument to be without merit.

 When considering the termination of parental rights, the Family Court judge must find by clear and convincing evidence that DCYF has made reasonable efforts to reunite parent and child, and that notwithstanding those efforts, the parent is unfit. *See In re Ryan S.*, 728 A.2d 454, 457 (R.I.1999); *see also In re Kristina L.*, 520 A.2d 574, 579 (R.I.1987). A trial justice's decision will be upheld by this Court as long as the record discloses that legally competent evidence exists to support the finding, and that the trial justice has not misconceived or overlooked material evidence and was not otherwise clearly wrong. *In re Shaquille*, 736 A.2d at 101 (citing *In re Jennifer R.*, 667 A.2d 535, 536 (R.I.1995) and *In re Kristen B.*, 558 A.2d 200, 204 (R.I.1989)).

 We are satisfied that in deciding the issues in this case, the trial justice was not clearly wrong nor did he overlook or misconceive material evidence. The case

record is replete with legally competent evidence to support his findings. For example, DCYF made numerous attempts to enroll the respondent in several different parenting classes as well as programs designed to treat substance abuse. The respondent failed to attend these classes or refused to cooperate with the program. Further, the department found her an apartment, paid the first month's rent, and posted the security deposit. Within two months she was arrested again and incarcerated for various drug-related crimes involving both heroin and marijuana. The respondent's argument on appeal fails to address her repeated involvement in the illegal use and sale of narcotics, her failure to maintain the housing that DCYF arranged for her and her children, and her failure to continue with counseling and parenting classes. This evidence is overwhelming and clearly supports the finding of parental unfitness.

Accordingly, the respondent's appeal is denied and dismissed. The decree of the Family Court granting the termination of the mother's parental rights is affirmed and the papers in this case are remanded to the Family Court.

Justice FLANDERS did not attend the oral argument but participated on the basis of the briefs.