### In re MICHAELA F.

### No. 99–541–Appeal.

Supreme Court of Rhode Island.

Oct. 31, 2000.

Thomas J. Corrigan, Jr., Providence, Frank P. Iacono, Jr.

Janice Weisfeld, Paula Rosin, Providence.

### O R D E R

This case came before us on October 2, 2000, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The respondent-mother, Delores Furtado, has appealed from a Family Court decree terminating her parental rights to her child, Michaela. After hearing counsels' arguments and considering the memoranda submitted by the parties, this Court is of the opinion that cause has not been shown. Therefore, this appeal will be decided summarily.

When reviewing a termination of parental rights, this Court examines the record to determine whether there is legally competent evidence in the record to support the trial justice's findings. *In re Shaquille C.,* 736 A.2d 100, 101 (R.I.1999) (order); *In re Jennifer R.,* 667 A.2d 535, 536 (R.I. 1995). Those findings, if supported by clear and convincing evidence, are entitled to great weight, and this Court will not disturb them on appeal unless found to be clearly wrong or that the trial justice misconceived or overlooked material evidence in making those findings. *See In re Jennifer R.,* 667 A.2d at 536; *In re Kristen B.,* 558 A.2d 200, 204 (R.I.1989).

The respondent asserts here on appeal that the trial justice erroneously found that she suffered from a mental illness which rendered her an unfit parent. She also contends that even if such a finding were valid, the Department for Children, Youth, and Families ("DCYF") failed to provide "reasonable services" to render her fit.

We find the respondent's arguments unpersuasive. The trial justice found the respondent "unfit" under G.L. § 15–7–7–(a)(3), not under § 15–7–7(a)(2)(i) that provides for termination based on mental ill-

ness.[1]  Pursuant to § 15–7–7(a)(3) it is required that:

"(1) the child has been placed in the legal custody or care of DCYF for at least twelve months;

(2) the parents were offered or received services to correct the situation which led to the child being placed; and

(3) no substantial probability exists that the child will be able to return safely to the parent's care within a reasonable period of time considering the child's age and the need for a permanent home."

Here, the trial justice based upon the hearing evidence before him made the appropriate factual findings:

"That Michaela has been committed to the legal custody, care and control of the Department of Children, Youth and Families since March 7, 1996, a period of at least (12) months; that the mother was offered services to correct the situation which led to Michaela being placed; that the mother has refused these services, either intentionally or unintentionally, because of her mental condition; that based upon the clear and convincing evidence, there is not a substantial probability that Michaela will be able to return to the mother's care within a reasonable period of time, considering Michaela's age, on-going care based on the findings and recommendations of the Rhode Island Hospital, her positive adjustment to her pre-adoptive home, and the need for a permanent home."

The hearing record discloses that the respondent had been offered varying services, particularly non-offending parenting services, which she steadfastly refused. The trial justice found that her long-standing mental condition probably made it impossible for her to accept counseling and psychological evaluations and determined that her condition was not amenable to change in the foreseeable future.  Despite internal delays at DCYF in providing services to the respondent, the evidence demonstrated nevertheless that the respondent continued to refuse those services when offered.

We conclude from the record before us more than sufficient clear and convincing evidence to support the hearing justice's finding that the respondent was unfit.  *See*

---

1.  The respondent cites 15–7–7(a)(2)(iii) as the ground for termination based upon mental illness.  This section deals actually with termination based upon a substance abuse problem.  15–7–7(a)(2)(i) is the correct basis for mental unfitness.  In addition, § 15–7–7, Termination of parental rights, states:

"(a) The court shall, upon a petition duly filed by a governmental child placement agency or licensed child placement agency after notice to the parent and hearing thereon, terminate any and all legal rights of the parent to the child, including the right to notice of any subsequent adoption proceedings involving the child, if the court finds as a fact by clear and convincing evidence that ⁂

(2) The parent is unfit by reason of conduct or conditions seriously detrimental to the child; such as, but not limited to, the following:

(i) Emotional illness, mental illness, mental deficiency, or institutionalization of the parent, including imprisonment, of such a duration as to render it improbable for the parent to care for the child for an extended period of time ⁂

(iii) The child has been placed in the legal custody or care of the department for children, youth, and families and the parent has a chronic substance abuse problem and the parent's prognosis indicates that the child will not be able to return to the custody of the parent within a reasonable period of time, considering the child's age and the need for a permanent home.  The fact that a parent has been unable to provide care for a child for a period of twelve (12) months due to substance abuse shall constitute prima facie evidence of a chronic substance abuse problem ⁂

(3) The child has been placed in the legal custody or care of the department for children, youth, and families for at least twelve (12) months; and the parents were offered or received services to correct the situation which led to the child being placed, and provided further that there is not a substantial probability that the child will be able to return safely to the parents' care within a reasonable period of time considering the child's age and the need for a permanent home."

*In re Ryan S.*, 728 A.2d 454, 457 (R.I. 1999). The hearing record discloses abundant evidence to support the trial justice's finding that the termination of respondent's parental rights would be in the best interests of the child. *See In re Nicole B.*, 703 A.2d 612, 618 (R.I.1997); *In re Kristen B.*, *id.* at 203 (R.I.1989).

The respondent's appeal is accordingly denied and dismissed. The decree of the Family Court granting the termination of the respondent's parental rights is affirmed, and the papers in this case are remanded to the Family Court.

Entered as an Order of this Court this 31st day of October, 2000.