**In re ROBERT S. et al.**

**No. 99–18–Appeal.**

Supreme Court of Rhode Island.

Dec. 11, 2000.

Frank P. Iacono, Jr., Thomas J. Corrigan, Jr., for Plaintiff.

Melissa Austin Long, Paula Rosin, Providence, for Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

This case came before the Court on October 2, 2000, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The respondent-father, Sylvester Cyler, has appealed from a Family Court decree finding his children, Robert and Rashad, to be dependent. After considering counsels' memoranda and arguments, this Court is

of the opinion that cause has not been shown. Therefore, this appeal will be decided summarily.

■ In reviewing an appeal from a decree of the Family Court, we examine the record to determine whether legally competent evidence exists in it to support findings made by the trial justice. *See In re Shaquille C.,* 736 A.2d 100, 101 (R.I. 1999) (mem.); *In re Kristen B.,* 558 A.2d 200, 205 (R.I.1989). Such findings are entitled to great weight, and this Court will not disturb them on appeal unless they clearly are wrong or unless the trial justice misconceived or overlooked material evidence. *In re Shaquille C.,* 736 A.2d at 101; *In re Kristen B.,* 558 A.2d at 204.

In this case, the Department of Children, Youth and Families (DCYF) in July 1997 filed a petition in the Family Court against the respondent, alleging that the two children were neglected because they had been abandoned by their parents. Pursuant to an order of that court, DCYF removed the children from the home of their mother, with whom they had been living since birth, and placed them with their maternal grandmother. In April 1998, the respondent complained that the children were not receiving proper care. Subsequently, the children were then taken by DCYF and placed with the respondent's mother. Before trial began on its neglect petition, DCYF moved to amend the petition so as to include allegations of dependency. The respondent's counsel objected solely on the ground that he did not know the basis of the allegation, which DCYF then outlined and placed on the record. After a brief hearing, the trial justice granted DCYF's motion to amend its petition, without any further objection by the respondent's counsel.

The respondent argues here on appeal that the trial justice erred in permitting DCYF to amend its petition to include the dependency allegation. He also contends that the trial justice erred in finding that the children were dependent. We reject both contentions.

■ First, the respondent argues that the trial justice erred in permitting DCYF to amend its neglect petition to one alleging dependency without first granting the respondent proper notice or additional time, as purportedly required by Rule 14(b) of the Family Court Rules of Juvenile Proceedings. That rule states that "A petition may be amended by order of the court at any time before an adjudication, Provided That the court shall accord the party such additional time to prepare as *may be required* to ensure a full and fair hearing." (Emphasis added.) In this case, the respondent's counsel made no request for any additional time in which to prepare to defend on the dependency allegation. He merely inquired whether the dependency allegation would be based upon the death or illness of the parent or upon the special social needs of the children. DCYF responded to counsel's inquiry and informed him and the court that the petition would be based upon the social needs of the children. The respondent's counsel then offered no additional response or objection to the amendment. Thus, the respondent's contention that he should have been afforded more time to prepare to defend on the children's social needs allegation was not adequately raised by him before trial, and he gave no indication to the trial justice that he needed more time to prepare for trial. The amendment, based upon our review of the hearing record, was properly permitted. *See, e.g., In re Adam R.,* 665 A.2d 882, 883–84 (R.I.1995).

■ Secondly, the respondent contends that the trial justice found dependency on two grounds—lack of housing and need for parental aid services—which are not included in Rhode Island's dependency statute. *See* G.L.1956 § 14–1–3. Section 14–1–3(6) provides:

"(6) The term 'dependent' shall mean any child who requires the protection and assistance of the court when his or her physical or mental health or welfare

is harmed or threatened with harm due to the inability of the parent or guardian, through no fault of the parent or guardian, to provide the child with a minimum degree of care or proper supervision because of

(i) The death or illness of a parent; or

(ii) The special medical, educational, or social service needs of the child which the parent is unable to provide."

While the respondent is correct that lack of housing and need for parental aid services are not explicitly articulated in § 14–1–3(6), we believe that those basic child needs are implicitly encompassed within the statutory definition of the term "dependent." Here, the evidence disclosed that the respondent had "virtually abandoned" his two children since their birth by never living with them or ever having custody over them and by failing to provide for them. Children have been found to be dependent after a determination that the children had been physically abused or were living in unsanitary conditions and lacked adequate medical treatment. *See In re Lester*, 417 A.2d 877, 881 (R.I.1980). Although that case dealt with a slightly different interpretation of the statutory definition of "dependent," we did discuss in that case any child's right to be supplied with the basic necessities of life. *Id.* at 880. Accordingly, in this case we conclude from the trial record that the respondent's virtual abandonment of his children from the day of their births made them "dependent" children under § 14–1–3(6), and that the respondent's long and offending neglect of the children was harmful to their best interests. *In re Lee*, 442 A.2d 893, 897 (R.I.1982).

We conclude from the record that more than legally sufficient clear and convincing evidence supports the dependency finding made by the trial justice. Section 14–1–3(6); *In re Lester*, 417 A.2d at 881. Accordingly, the trial justice's conclusion that a finding of dependency would best serve the interests of the children is without error. *See In re Lester*, 417 A.2d at 881.

The respondent's appeal is denied and dismissed. The decree of the Family Court finding dependency is affirmed, and the papers in this case are remanded to the Family Court.

Justice FLANDERS did not attend oral argument, but participated on the basis of the briefs.