## In re CRYSTAL C. et al.

### No. 99–301–Appeal.

Supreme Court of Rhode Island.

Jan. 29, 2001.

Frank P. Iacono, Jr., Thomas J. Corrigan, Jr., Washington Crossing, PA, for Plaintiff.

Paula Rosin, Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

This case came before the Supreme Court on December 6, 2000, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The respondent-mother, Catherine Clark, has appealed from a Family Court decree terminating her parental rights to her three children, Crystal, Heather, and Kayla. After hearing counsels' arguments and considering the memoranda submitted by the parties, this Court is of the opinion that cause has not been shown. Therefore, this appeal will be decided summarily.

When reviewing a termination of parental rights, this Court examines the record to determine whether legally competent evidence exists to support the trial justice's findings. *In re Shaquille C.*, 736 A.2d 100, 101 (R.I.1999) (mem.); *In re Jennifer R.*, 667 A.2d 535, 536 (R.I.1995); *In re Kristen B.*, 558 A.2d 200, 205 (R.I. 1989). Such findings are entitled to great weight, and this Court will not disturb them on appeal unless they clearly are wrong or if in making those findings the trial justice misconceived or overlooked material evidence. *See In re Christina V.*, 749 A.2d 1105, 1111 (R.I.2000) (per curiam).

The respondent raises two related contentions on appeal. She argues that the trial justice erred by finding her unfit pursuant to G.L.1956 15–7–7(a)(2)(iii) and (a)(3) because DCYF failed to prove by clear and convincing evidence that reunification was unlikely within a reasonable period of time. She contends that DCYF failed to present any evidence concerning her prognosis for treatment of her drug abuse problem and that, at the time of the termination hearing, she had remained sober for more than one year and that her treatment would be reduced because she had made "substantial progress." Accordingly, she maintains that the trial justice

erred by finding her "unfit" and terminating her parental rights.

We deem the respondent's arguments unpersuasive. Section 15–7–7(a)(2) states in pertinent part that the Family Court shall grant a properly filed petition to terminate parental rights if the court finds by clear and convincing evidence that:

"(iii) The child has been placed in the legal custody or care of the department for children, youth, and families and the parent has a chronic substance abuse problem and *the parent's prognosis indicates that the child will not be able to return to the custody of the parent within a reasonable period of time,* considering the child's age and the need for a permanent home. The fact that a parent has been unable to provide care for a child for a period of twelve (12) months due to substance abuse shall constitute prima facie evidence of a chronic substance abuse problem.

\* \* \*

(3) The child has been placed in the legal custody or care of the department for children, youth, and families for at least twelve (12) months; and the parents were offered or received services to correct the situation which led to the child being placed, and *provided further that there is not a substantial probability that the child will be able to return to the parents' care within a reasonable period of time* considering the child's age and the need for a permanent home." (Emphases added.) [1]

■ In this case, the trial justice made appropriate factual findings that the children had been committed to the care, custody and control of DCYF for more than twelve months and that the respondent has a chronic substance abuse problem and as a result was unable to care for her children for over twelve months. He further found that:

"The Court finds as a fact that DCYF has offered services to the mother to correct the situation which led to the children being placed; and \* \* \* that there is not a substantial possibility that the children will be able to return to the mother's care within a reasonable period of time, considering the age of the children and the need for permanent placement.

The Court finds that based upon the mother's long-standing problem of chronic substance abuse, she is unable to parent the children; that this is not a situation likely to change with any reasonable degree of certainty, no matter what services are provided by DCYF.

\* \* \*

The Court finds there is ample evidence that the mother's substance abuse has existed for several years; that she has been involved in a number of treatment programs, both residential and outpatient; however, since August of 1996, she has yet to successfully complete a program, notwithstanding that she has been cooperative since August of 1998.

The Court must conclude that Catherine Clark is unable and unfit to parent these children, and The Court makes all these findings by clear and convincing evidence."

An examination of the record supports the trial justice's conclusions. The record reveals and the trial justice found that the respondent's children were committed to the care, custody and control of DCYF in June 1996, after the respondent left her children alone during the night. The record indicates that the respondent had a long history of substance abuse, which dated back at least to 1989, at which time the respondent suffered from cocaine and alcohol addiction. The respondent remained sober for roughly the following six years, but suffered a relapse in 1996. In July

1. Since the termination of parental right petitions were filed in this case, G.L.1956 § 15–7–7 has been amended by the Legislature. The portions cited to above were those in effect at the time that the termination petitions were filed in this case.

1996, the Family Court entered a decree, finding that the children were abused and neglected.

Joanne Prior, a DCYF social caseworker assigned to the case, subsequently developed four case plans for the respondent, who signed two of them, did not sign the third one, and refused to sign the fourth, which was a six-month plan with a projected date of achievement of May 30, 1998. The case plans called for the respondent to successfully complete substance and alcohol treatment programs to the satisfaction of DCYF, which included submitting to drug screening tests. Another objective revolved around precluding the respondent's periodic boyfriend, Brian Piette (Piette), from having any contact with the children, who feared for their safety around Piette.

Unfortunately, the respondent repeatedly failed to comply with DCYF"s case plans. Although she submitted to rehabilitation and substance abuse treatment, the respondent successfully completed only one program, in August 1996, after having left her first treatment program against staff advice. In September 1996, the respondent started another treatment program, leaving it approximately a year later without successfully completing the program. She tested positive for cocaine in screenings in January and March 1997. She also failed to attend many therapeutic sessions. In July 1997, the respondent again tested positive for cocaine, at which point a counselor recommended "a more intensive substance abuse treatment program." She then entered another program in October 1997, leaving it against staff advice in December 1997. At the time of trial, although in a treatment program, the respondent still had not successfully completed a program.

We also note that the respondent continued to have a relationship with Piette, which was counter to DCYF"s case plans. Although the respondent claimed that she had severed her relationship with Piette in February 1998, a police report, dated September 25, 1998, which the respondent signed but now disputes, indicated that she and Piette had been living together for the "past six weeks."

Based on all of this evidence, especially the respondent's failure to complete a substance abuse program following her last relapse, we conclude that more than ample evidence exists to support the trial justice's findings that "the parent's prognosis indicates that the child[ren] will not be able to return to the custody of the parent within a reasonable period of time" under § 15–7–7(a)(2)(iii) and that "that there is not a substantial probability that the child[ren] will be able to return to the parents' care within a reasonable period of time" under § 15–7–7(a)(3). The respondent's substance abuse condition was seriously detrimental to her three children, and revealed her inability to properly care for them. *See In re Ryan S.,* 728 A.2d 454, 457 (R.I.1999). The record also contains abundant clear and convincing evidence to support the trial justice's finding that termination of respondent's parental rights would be in the best interests of the three children. *See In re Nicole B.,* 703 A.2d 612, 618 (R.I.1997); *In re Kristen B.,* 558 A.2d at 203.

Accordingly, the respondent's appeal is denied and dismissed. The decree of the Family Court granting the termination of the respondent's parental rights is affirmed, and the papers in this case are remanded to the Family Court.